MAX NEGBAUER, PLAINTIFF IN ERROR, v. WILLIAM B. SMITH, DEFENDANT IN ERROR.

Where no monuments are referred to in a grant, and none are intended to be afterwards designated as evidence of the extent of it, the distance stated therein must govern the location.

In error to the Supreme Court.   For opinion of Supreme Court, see 13 *Vroom* 305.

For plaintiff in error, *E. F. Morrow.*

For defendant in error, *A. Kirkpatrick.*

The opinion of the court was delivered by

THE CHANCELLOR.   This is an action of covenant, brought in the Essex Circuit Court upon the covenants in a deed of conveyance, given by Smith to Negbauer, for land in Newark. The deed was a deed of warranty, with the usual full covenants.   The breach assigned is upon the covenant that the

grantor had good right, full power, and lawful authority to grant, bargain, sell and convey the land and premises conveyed. The property is described by the deed as follows:

Beginning in the easterly line of Grove street at a point one hundred and seventy-two feet, more or less, northerly from Market street, said place being in the centre of the party wall dividing the brick house on the lot herein described from the house on the lot next adjoining on the south; thence northerly along Grove street nineteen feet, or a fraction more or less, to brick house belonging to William B. Smith; thence easterly at right angles to Grove street eighty feet, or a fraction more or less; thence southerly, parallel with Grove street, nineteen feet, or a fraction more or less; thence westerly, at right angles to the said Grove street, and running through the centre of said party wall, eighty feet, or a fraction more or less, to Grove street and place of beginning.

It will have been seen that the deed calls for a depth of "eighty feet, or a fraction more or less," and that no monuments are mentioned nor any boundary given in the rear of the lot, nor for the sides, except the party walls of the house which is on the front of the lot. The lot proves to have been only sixty-four feet four inches deep on one side and sixty-six or sixty-seven feet on the other. There is, and was when the deed was given, a line fence in the rear of the lot dividing the property in question from other land not owned by the grantor. At the trial the defendant insisted that inasmuch as the house was one of a brick row, and the lot was bounded in the rear by the fence at the time of the conveyance, there was no breach of the covenant, and therefore moved to nonsuit, which motion was denied. There was a verdict and judgment for the plaintiff, which latter was, on error to the Supreme Court, reversed.

As before stated, there was no reference in the deed to monuments to limit the depth. The fence is not made a boundary, nor is it at all referred to. Nor is the language such as to indicate in any way the intention of the parties that the lot should be bounded by the fence irrespective of the meas-

urements.  The reference to the fact that the house on the lot is one of a row of houses, obviously has no bearing on the question whether it was understood by the parties that the fence, though not mentioned or referred to as a boundary, should, nevertheless, be regarded as such, and control the measurements.  The deed is the evidence of the intention of the parties, and it is drawn as it might well have been had it been intended that the measurements should govern and not the fence.  The rule on the subject is thoroughly established. Where no monuments are named in a grant and none are intended to be afterwards designated as evidence of the extent of it, the distance stated therein must govern the location. *Tyler on Bound.* 29.    Said Chief Justice Marshall in *Chinoweth* v. *Haskell's Lessee*, 3 *Pet.* 92, 96, " If a grant be made which describes the land granted by course and distance only, or by natural objects not distinguishable from others of the same kind, course and distance, though not safe guides, are the only guides given us, and must be used."    The judgment of the Supreme Court should be reversed.

Judgment of court below reversed.